[No. B067492. Second Dist., Div. Four. Apr. 14, 1994.]

RITA COE et al., Plaintiffs and Appellants, v.
CITY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Sparagna, Sparagna & Breslau and Francis A. Sparagna for Plaintiffs and Appellants.

James K. Hahn, City Attorney, Thomas C. Hokinson, Assistant City Attorney, and Renee J. Laurents, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**HASTINGS, J.**—Appellants seek reversal of an order dismissing their complaint based upon violation of the five-year statute within which a matter must be brought to trial. (Code Civ. Proc., § 583.310.)[1] They also contend that the trial court abused its discretion in failing to grant two ex parte applications to reset trial prior to the running of the five-year statute. Commendably, respondent concedes that the trial court abused its discretion in failing to credit appellants with trailing time when no courtroom was available and, therefore, dismissal of the matter pursuant to the five-year statute was premature. We agree with both parties and reverse.

### FACTS

On December 2, 1985, appellants were injured in an automobile accident. On October 16, 1986, they filed suit naming respondent City of Los Angeles as a defendant, claiming that defective maintenance of city streets caused the accident. On November 13, 1986, respondents answered the complaint and an at-issue memorandum was filed on November 18, 1986. The matter was ordered to arbitration which was held on February 11, 1988, resulting in an award in favor of the plaintiffs on February 12, 1988.

On March 1, 1988, respondent filed a demand for a trial de novo. On June 8, 1988, the parties attended a mandatory settlement conference, the matter was not settled, and a trial date of June 26, 1989, was assigned. On June 26, the parties stipulated to a continuance to February 26, 1990. Appellants advise us in their opening brief that this was due to the fact appellant Rita Coe suffered a heart attack. This is not disputed by respondent.

On February 23, 1990, the parties attended a crash settlement conference ordered by the court. The matter did not settle and trial was continued to October 15, 1990, on the court's own motion, due to a congested calendar. On October 15 the parties stipulated to continue the matter to May 6, 1991. On May 6, 1991, the matter again had to be continued, this time to August 15, 1991, because the trial judge became ill. On August 15, 1991, the parties stipulated to continue the matter to February 10, 1992, and the five-year statute was waived, in writing, to April 16, 1992.

On February 10, 1992, the case was reset for trial on March 16, 1992, due to congestion of the court calendar. On March 16, appellants' counsel had two court appearances and requested that his secretary contact department A of the North Valley Superior Court (NV "A") where this case was pending,

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise noted.

and advise the clerk that he would be late. She did so but was advised by the clerk "we don't do second calls," at which time the clerk hung up. Respondent's counsel appeared for the calendar call. The court again continued the case on its own motion, due to congestion of the court's calendar, to April 20, 1992. This was four days beyond the date to which the parties had stipulated the five-year statute would run. The following notation appears in the minute order: "Five year statute is not tolled by the Court and is not extended past the original extension date of 4-16-92, pursuant to stipulation of counsel on 8-15-91." After making his other court appearance, counsel for appellants called NV "A" to advise he was on his way. He was told by the clerk that the case had been continued to April 20, 1992. Counsel did not immediately appreciate that this was four days after the five-year statute would run.

On March 18, 1992, appellants' counsel noted that the trial date was beyond the extension of the five-year statute. On March 23, 1992, he brought an ex parte application to advance the trial date or to extend the five-year statute. The foregoing facts were disclosed to the court by declaration of counsel, but the court denied the application with the notation "no good cause shown." The application was renewed on March 30, 1992, and again denied, this time with the following notations: "Case not diligently pursued & atty failed to appear without good cause. Denied. No good cause shown."

On March 31, 1992, apparently on the court's own motion, the matter was set for status conference on April 16, 1992, at 1:30 p.m. On April 2, 1992, respondent filed a motion to dismiss pursuant to section 583.360, subdivision (a), and set it for hearing on April 20, 1992. On April 16, 1992, the parties appeared for the status conference and the court set the trial date for April 17, 1992, in department 1. Appellants' counsel was ordered to transport the court file to department 1 and to pay $250 in sanctions per section 177.5 within 20 days.[2]

On April 17, 1992, the matter was transferred back to NV "A" for ruling on respondent's motion to dismiss. The matter was argued on that date and ordered dismissed.[3] On April 20, 1992, the trial went off calendar due to the ruling of April 17, 1992. Notice of appeal was filed May 14, 1992.

---

[2]There is no indication in the order of the basis for the sanctions.

[3]The only order in the file is the minute order of April 17, 1992. The notice to prepare clerk's transcript only requests inclusion of the minute order of April 17, 1992. There is no signed order of dismissal in the record on appeal. The minute order is nonappealable. (§ 904.1; *Integral Land Corp.* v. *Anderson* (1944) 62 Cal.App.2d 770 [145 P.2d 364].) We order the trial court to make nunc pro tunc entry of the judgment, and we construe the notice of appeal to refer to such judgment. (*Donohue* v. *State of California* (1986) 178 Cal.App.3d 795, 800 [224 Cal.Rptr. 57].)

## DISCUSSION

▇▇ There is no doubt but that appellants wasted no time in prosecuting this matter. Within 33 days after filing of the suit they filed an at-issue memorandum. The matter was ordered to arbitration and the arbitration was concluded within two years and four months from the date of filing. A trial de novo was requested by respondent and eight separate trial dates were scheduled between June 26, 1989, and April 20, 1992. The first trial date was continued when one of the appellants had a heart attack; one trial date was continued because the judge became ill; two trial dates were continued by stipulation of counsel with no reason indicated; and on three separate occasions, including the last two trial dates, the court continued the matter because of court congestion. As soon as appellants' counsel realized that the last trial date was beyond the five-year statute, he notified the court and attempted to rectify the situation. The court refused relief.

Under the circumstances, we find that appellants' counsel did everything within his power to bring the matter to trial prior to the running of the five-year statute. Despite the fact that counsel failed to appear at the calendar call on the morning of March 16, 1992, we find no good reason for the court to have knowingly continued the matter to a date beyond the five-year statute and then to have denied counsel's two ex parte applications for relief.

▇▇ The standard we apply is abuse of discretion. (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227 [211 Cal.Rptr. 416, 695 P.2d 713].) The trial court's discretion "is not unlimited and must be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. [Citations.]" (*Id.* at p. 233, internal quotation marks omitted.) ▇▇ The evidence amply supports a finding of abuse of discretion. The evidence suggests that when the court noted on the minute order of March 16, 1992, that it was aware it was setting the matter beyond the five-year date, the court was apparently making a conscious choice at that time that this matter would be dismissed. Although trial courts bear a substantial burden with increasing workloads, it is essential they exercise judicial power so that expediency does not paralyze judicial discretion or frustrate justice.

The abuse of discretion is compounded by the fact that when the trial court ordered the matter dismissed, it did not give appellants credit for the time that the matter could not go forward because of illness of the trial judge and the three continuances due to congestion of the court's calendar. Appellants had no control over these circumstances. The five-year statute must be tolled by the aggregate period of court-ordered continuances based upon

courtroom unavailability. (*Chin* v. *Meier* (1991) 235 Cal.App.3d 1473 [1 Cal.Rptr.2d 499].)

The matter is reversed and remanded to the trial court. Costs are awarded to appellants.

Epstein, Acting P. J., and Vogel (C. S.), J., concurred.