Filed 8/29/13  Aurelio v. Sand Canyon CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NORMA SALVATERA AURELIO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SAND CANYON CORPORATION et al.,<br><br>Defendants and Respondents. | B237279<br><br>(Los Angeles County<br>Super. Ct. No. BC445881) |

APPEAL from judgments of the Superior Court of Los Angeles County, Terry A. Green, Judge.  Affirmed.

Equity Law Group and Lotfy Mrich for Plaintiff and Appellant.

Brooks Bauer and Bruce T. Bauer for Defendant and Respondent Sand Canyon Corporation formerly known as Option One Mortgage Corporation formerly known as Premier Trust Deed Services, Inc.

Akerman Senterfitt, Justin D. Balser and Preston K. Ascherin for Defendants and Respondents Wells Fargo Bank, N.A. as trustee for Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2, and Power Default Services, Inc. erroneously sued as AHMSI Default Services, Inc.

Norma Salvatera Aurelio filed this action against Wells Fargo Bank, N.A., as trustee for the Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2 (Wells Fargo), AHMSI Default Services, Inc. (AHMSI Default), now known as Power Default Services, Inc. (Power), and Sand Canyon Corporation (Sand Canyon), formerly known as Option One Mortgage Corporation (Option One), and as Premier Trust Deed Services, Inc. (Premier Trust), to set aside a nonjudicial foreclosure sale. The original lender that funded the purchase of Aurelio's property in April 2006 assigned its beneficial interest to Option One, and Option One (through its successor) assigned its beneficial interest to Wells Fargo.[1] AHMSI Default, now known as Power, recorded the notice of trustee's sale and conducted the nonjudicial foreclosure sale. Aurelio alleges fraud in connection with the loan origination and irregularities in the nonjudicial foreclosure sale.

Aurelio seeks reversal of the trial court's dismissal of her lawsuit after it sustained the separate demurrers to the verified second amended complaint (complaint) of (1) Wells Fargo and Power, and (2) Sand Canyon.[2] Aurelio claims the trial court erred in granting the parties' requests for judicial notice, and in concluding that she has no viable cause of action. Because Aurelio has not demonstrated that her pleading was sufficient to state any cause of action or that it could be amended, we affirm.

---

[1]   The other original defendant, Fidelity National Title Co., is not a party to this appeal.

[2]   Although not contained in the clerk's transcript, Aurelio's counsel submitted an order signed by the court on May 31, 2012, sustaining the demurrer filed by Wells Fargo and Power without leave to amend. The record, however, contains no judgment. The signed order is nonappealable. (Code Civ. Proc., § 904.1; *Coe v. City of Los Angeles* (1994) 24 Cal.App.4th 88, 91, fn. 3.) We order the trial court to make nunc pro tunc entry of the judgment of dismissal as of May 31, 2012. (*Donohue v. State of California* (1986) 178 Cal.App.3d 795, 800.) We construe the premature notice of appeal (filed Nov. 15, 2011) from the order sustaining the demurrer to be a notice of appeal from the appealable judgment subsequently entered. (Cal. Rules of Court, rule 8.104(d)(2); *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 36.)

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*[3]

a. *Default on the Loan*

On April 12, 2006, Aurelio obtained an adjustable rate loan in the amount of $729,000 from Bryco Funding, Inc. (Bryco), secured by a deed of trust on property in San Pedro, California (San Pedro property).[4] Aurelio "intended and did utilize" the San Pedro property as a residential care facility for the elderly. The deed of trust named Bryco as the lender and beneficiary, and Fidelity National Title Co. as the trustee. The deed of trust, along with the attached adjustable rate rider, was recorded on April 19, 2006.

On April 17, 2006, Bryco, the original beneficiary of the deed of trust, executed a "Corporation Assignment of Deed of Trust," assigning its beneficial interest to Option One. The assignment was recorded on August 28, 2007.

On December 15, 2006, eight months after obtaining the loan and before the adjustable rate took effect, Premier Trust, as agent for Option One, recorded a notice of default on Aurelio's loan. The notice of default and election to sell indicated that Aurelio was $18,244.32 in arrears.

The nonjudicial foreclosure proceedings came to a halt when Aurelio filed successive bankruptcy petitions, during the pendency of which the trustee could not conduct the nonjudicial foreclosure sale.

b. *Bankruptcy Filings*

In April 2007, Aurelio filed a voluntary petition under chapter 11 of the United States Bankruptcy Code. Bryco, the original lender, on behalf of its successors or

---

[3]   The facts here are taken from the complaint, the attached exhibits, and the matters of which the trial court took judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

[4]   Aurelio attached the following exhibits to the complaint: (1) adjustable rate note (Exhibit A); (2) deed of trust (Exhibit B); (3) corporation assignment of deed of trust to Option One (Exhibit C); and (4) assignment of deed of trust to Wells Fargo (Exhibit D).

assigns, obtained an order granting its motion for relief from the automatic stay under section 362 of title 11 of the United States Code. After the bankruptcy court converted the case to a proceeding under chapter 7, the case was dismissed in January 2009.

While the first bankruptcy case was proceeding, Aurelio filed a voluntary petition under chapter 7. That case was dismissed.

Aurelio then filed two voluntary petitions under chapter 13 of the Bankruptcy Code. Both cases were dismissed.

In her bankruptcy filings, Aurelio did not list the instant lawsuit in her schedule of assets.

c. *Assignment of Deed of Trust to Wells Fargo and Trustee's Sale*

On January 28, 2009, American Home Mortgage Servicing, Inc. (AHMSI), as successor in interest to Option One, recorded a substitution of trustee, substituting AHMSI Default, now known as Power, as the trustee. Thereafter, the substituted trustee recorded a notice of trustee's sale.

In March 2009, AHMSI, as Option One's successor in interest, executed an "Assignment of Deed of Trust," assigning its beneficial interest to Wells Fargo. The assignment was recorded on April 1, 2009.[5]

Wells Fargo obtained the property at the trustee's sale on October 27, 2009. The "Trustee's Deed Upon Sale" was recorded on November 2, 2009.[6]

---

[5] The complaint alleges that Option One executed an assignment of deed of trust on December 10, 2006, which was recorded on August 28, 2007. This allegation is inconsistent with the attached exhibits to the complaint. We disregard these allegations as facts appearing in attached exhibits are "given precedence" over inconsistent allegations pled in the complaint. (*Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 567-568.)

[6] Sand Canyon requested judicial notice of an "Assignment of Deed of Trust," that differs from the one attached as an exhibit to the complaint. This assignment is identical to the exhibit, with the exception of the signature and the date it was executed and recorded. Although we find it troubling that Option One executed the same document twice, the second assignment has no legal effect.

## 2. *The Complaint*

Eleven months after the San Pedro property was sold at a nonjudicial foreclosure sale, Aurelio filed this action. Demurrers resulted in amendments to the verified complaint, which asserts these causes of action: (1) wrongful foreclosure; (2) cancellation of deed; (3) violation of Business and Professions Code section 17200; (4) violation of Civil Code section 1572 (actual fraud); (5) fraud; (6) declaratory relief; (7) intentional misrepresentation; and (8) quiet title. These causes of action are based upon two theories, that is, fraud in connection with the loan origination, and irregularities in the nonjudicial foreclosure sale that render the trustee's deed upon sale void.

### a. *Allegations Regarding Forged Loan Documents and Deed of Trust*

Aurelio allegedly was presented with a blank promissory note and deed of trust with instructions to sign both documents. The loan documents also apparently failed to contain any terms that had been communicated to Aurelio, and she was instructed to sign the documents based on previous representations and promises that the documents would incorporate all of the represented terms. After signing the loan documents, Aurelio alleges false and misleading terms were inserted. It is alleged that Option One and Wells Fargo were involved in the origination of the loan, and were part of a conspiracy with the original lender to defraud Aurelio. If the loan terms and payment obligations had been disclosed, Aurelio alleges she would not have entered into the transaction.

Alternatively, it is alleged that the original lender, Option One, Wells Fargo, and Fidelity forged Aurelio's signature to the promissory note, deed of trust, and the adjustable rate rider.[7]

---

[7]  "[A]lthough a plaintiff may plead inconsistent counts or causes of action in his [or her] complaint [citation] even where, as here, it be verified, if there are no contradictory or antagonistic facts [citations], we are in accord with the view . . . that the rule was not 'intended to sanction the statement in a verified complaint of certain facts as constituting a transaction in one count or cause of action, and in another count or cause of action a statement of contradictory or antagonistic facts as constituting the same transaction. In short, the rule does not permit the pleader to blow both hot and cold in the same complaint on the subject of facts of which he purports to speak with knowledge under oath.' " (*Faulkner v. Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 328.) Either

b. *Allegations Regarding Nonjudicial Foreclosure Sale*

Aurelio alleges that the nonjudicial foreclosure sale is void. Specifically, she alleges the following irregularities: (1) the assignment of the beneficial interest in the deed of trust to Wells Fargo was void; (2) the notice of default was defective because it did not have the required declaration pursuant to Civil Code section 2924b, subdivision (a); (3) Wells Fargo and Power did not record an amended notice of default after the assignment and substitution of trustee; (4) before recording the notice of default, Option One did not comply with former Civil Code section 2923.5; and (5) the trustee (Power) had no authority to act pursuant to Civil Code section 2932.5.

Aurelio alleges tender and a willingness to tender. It is alleged that at the hearing on the motion for relief from the automatic stay in the bankruptcy proceedings, Aurelio "tendered payment of the arrears to Bryco" and payment was accepted. Alternatively, Aurelio alleges in her cause of action to set aside wrongful foreclosure: "Once this Court declares the proper beneficiary, Plaintiff will offer to tender to such party all amounts due and owing so that the claimed default may be cured and plaintiff may be reinstated to her former rights and privileges."

3. *Demurrers Sustained Without Leave To Amend*

Wells Fargo and Power filed a demurrer and a request for judicial notice of certain recorded documents and the bankruptcy filings. On October 4, 2011, the trial court sustained the demurrer without leave to amend.

Sand Canyon, formerly known as Option One, filed a demurrer and a request for judicial notice. On November 8, 2011 the trial court sustained the demurrer without leave to amend. Sand Canyon obtained a judgment of dismissal on December 27, 2011.[8]

---

Aurelio signed the blank documents, or the documents were forged, but she may not plead both under oath.

[8] We construe the premature notice of appeal (filed Nov. 14, 2011) from the order sustaining the demurrer to be a notice of appeal from the appealable judgment subsequently entered. (Cal. Rules of Court, rule 8.104(d)(2); *Village Nurseries v. Greenbaum*, *supra*, 101 Cal.App.4th at p. 36.)

4. *Appeal*

On November 14, 2011, Aurelio's counsel filed a notice of appeal on her behalf, listing the respondent as "Sand Canyon Corporation f/k/a Option."

On November 15, 2011, Aurelio's counsel filed a notice of appeal on her behalf, listing respondent as "Wells Fargo Bank, N.A. as Trustee for Option."

Following the filing of the notices of appeal, this case took a tortuous procedural path. We dismissed the appeals, only to later conditionally reinstate both appeals. Because Aurelio's counsel did not comply with the conditions set forth in this court's order, we dismissed the appeals again. Over opposition, we granted Aurelio's motion to vacate the dismissals. Thereafter, we denied respondents' requests for dismissal.

We note that the content and form of Aurelio's appellate briefs fail to comply with the rules of court. (Cal. Rules of Court, rule 8.204(a)(2)(A), (B) & (b)(3).) A violation of a court rule may result in striking the offending document. (See *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.) Rules violations are not the only problem with the briefing; many of the appellate arguments are incoherent, incomplete, incomprehensible, vague, or conclusory. (See *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117.) Rather than penalize Aurelio, we reach the merits of the appeal, and when necessary we extract what appears to be counsel's argument.[9]

## DISCUSSION

1. *The Trial Court Did Not Err in Taking Judicial Notice of the Recorded Documents*

Aurelio concedes the trial court may take judicial notice of the recorded documents, but she contends the trial court abused its discretion by accepting as true the recitals stated therein. Aurelio does not discuss what, if any, "facts" the trial court improperly accepted as true and presents no record citations to support this contention.

---

[9] We say "apparently" or "it appears" when addressing the arguments in Aurelio's briefs. To the extent she might contend she has advanced any other issues apart from those we address, we deem them waived. (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1117.)

Respondents sought judicial notice of the following recorded documents: (1) the notice of default; (2) the substitution of trustee; (3) the notice of trustee's sale; and (4) the trustee's deed upon sale.[10]  Judicial notice of these documents was within the trial court's discretion.

Evidence Code section 452, subdivision (h), authorizes a court to take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."  When a court exercises its discretion to take judicial notice of recorded documents, Evidence Code section 452 allows the court to take judicial notice of a fact or proposition within a recorded document " 'that cannot reasonably be controverted, even if it negates an express allegation of the pleading.'  [Citation.]" (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264.)  Thus, a court may take judicial notice of the following facts: (1) a document's recordation; (2) the date it was recorded and executed; (3) the parties to the transaction as reflected in a recorded document; and (4) the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity.  (*Id.* at pp. 264-265.)  "From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face."  (*Id*. at p. 265; see also *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 754-756 [where judicial notice is requested of a legally operative document, the court may take notice not only of the fact of the document and its recording but also facts that clearly derive from its legal effect].)

The trial court took judicial notice that the notice of default and trustee's notice of sale were recorded as required to proceed with the nonjudicial foreclosure sale.  Aurelio does not argue this was error.  To the extent that Aurelio may attack the trustee's

---

[10]     Respondents also sought judicial notice of the deed of trust with the attached adjustable rate rider, and the assignments of the deed of trust, but these documents were attached as exhibits to the complaint.  For purposes of ruling on a demurrer, exhibits to the complaint may be considered.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

authority to conduct the nonjudicial foreclosure sale, the status of the trustee was a proper subject of judicial notice because its status was not a matter of fact existing apart from the document itself. (See *Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at p. 266.) The trial court did not abuse its discretion.

2. *Dismissal for Lack of Standing or on Equitable Grounds*

Respondents contend that dismissal is proper because Aurelio lacks standing as only the chapter 7 trustee may pursue this appeal, or, in the alternative, Aurelio should be judicially estopped from pursuing this appeal because she failed to disclose her lawsuit in the multiple bankruptcy proceedings.[11] We reject these arguments.

In *Bostanian v. Liberty Savings Bank*, the court addressed the question of whether a cause of action to set aside a foreclosure sale of the debtor's residence is property of the bankruptcy estate that only the chapter 7 trustee can pursue. (*Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1077-1079, 1080-1083, 1085.) In concluding that the trustee was the real party in interest, the court granted plaintiffs the opportunity to secure an abandonment of the legal claim by the trustee to proceed with their lawsuit. (*Id*. at p. 1087.) Here, unlike the plaintiffs in *Bostanian* or the cited federal cases, Aurelio's bankruptcy case was dismissed and the bankruptcy estate no longer exists.

Alternatively, respondents argue that judicial estoppel bars this action. *Gottlieb v. Kest* (2006) 141 Cal.App.4th 110 observed "[n]onbankruptcy courts, including those in California, have recognized that, in completing bankruptcy schedules, a debtor should list any legal claims against a creditor whose wrongful conduct caused the bankruptcy; otherwise, an action on the claim is barred." (*Id*. at p. 136; see also *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1609-1610.) The *Gottlieb* court, however, held judicial estoppel does not bar an action when the bankruptcy case is dismissed because the judicial estoppel factor of success in asserting

---

**11** Wells Fargo and Power also sought judicial notice of the court records in the multiple bankruptcy proceedings. Aurelio does not present any argument on this issue and has therefore waived any claim of error. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

9

the prior position is not present.  (*Gottlieb v. Kest*, *supra*, at p. 137.)  Upon dismissal, the bankruptcy court does not accept or rely on the nondisclosure of any legal claims as true.  (*Id*. at pp. 137-142.)

Because Aurelio's bankruptcy case was dismissed, her debts and property were subject to the general laws, unaffected by bankruptcy concepts.  (*Gottlieb v. Kest*, *supra*, 141 Cal.App.4th at pp. 141-142.)  The record does not reveal, and respondents do not argue to the contrary, that the bankruptcy court accepted or relied on Aurelio's nondisclosure.  As the *Gottlieb* court notes, here the automatic stay in bankruptcy cannot be deemed an adoption or acceptance of Aurelio's position because it was not premised on her nondisclosure.  (*Id.* at pp. 142-143.)  Thus, this action is not barred by judicial estoppel.

   3.  *Trial Court Did Not Err in Sustaining the Demurrers Without Leave to Amend*

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, we give the complaint a reasonable interpretation, reading it as a whole and its parts in context.  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)  We treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions, or conclusions of law.  (*Ibid*.)  Allegations in the pleading may be disregarded if they are contrary to facts judicially noticed.  (*Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at pp. 264-265.)  When a demurrer is sustained, we determine whether the complaint alleges facts sufficient to state any cause of action.  (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)  When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment, and if it can, the trial court abused its discretion.  (*City of Dinuba v. County of Tulare*, *supra*, at p. 865.)

         a.  *Wrongful Foreclosure – Set Aside Trustee's Sale (First Cause of Action)*

California's nonjudicial foreclosure statutes governed the proceedings.  (Civ. Code, §§ 2924-2924*l*.)  These statutes provide a comprehensive scheme, and thus a nonjudicial foreclosure sale is presumed to have been conducted regularly, and the

10

burden of proof rests with the party attempting to rebut the presumption. (*Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at p. 270.) Part of this burden is to allege facts showing that the borrowers were prejudiced by the claimed irregularity in the foreclosure proceedings. (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507-1508.)

### (1). *Failure to Tender*

Aurelio may not challenge the propriety of a foreclosure on her property without offering to repay what she borrowed against the San Pedro property. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1053; *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 112.) Aurelio alleged a willingness to tender, but that is insufficient because a "valid tender of performance must be of the full debt, in good faith, unconditional, and with the ability to perform." (*Intengan v. BAC Home Loans Servicing LP*, *supra*, at p. 1053.) Alternatively, Aurelio vaguely alleged that she "tendered payment of the arrears" and "payment was accepted." A plaintiff cannot simultaneously plead inconsistent facts in a verified pleading. (*Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1381-1382.) Because the more specific facts allege a willingness to tender the full debt, we must take those allegations as true. (*Manti v. Gunari* (1970) 5 Cal.App.3d 442, 449-450.) This is insufficient as a matter of law to satisfy the tender requirement.

### (2). *Exceptions to the Tender Requirement*

Aurelio contends two exceptions to the tender requirement apply here, that is, fraud in connection with the loan origination, and the trustee's deed upon sale is void.[12] (*Lona v. Citibank, N.A.*, *supra*, 202 Cal.App.4th at pp. 112-113 [listing exceptions]; *Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 877-878.) Aurelio has failed to state a cause of action under these theories.

---

[12] Aurelio's counsel makes no attempt to present arguments to address the claims against Wells Fargo and Power separately from the claims against Sand Canyon. We address the arguments as stated.

11

(a).    *Attack on the Underlying Debt (Fraud)*

Aurelio alleges she was fraudulently induced into the loan by the respondents, or in the alternative, the loan documents were forged.  Bryco, not Wells Fargo or Option One, was the original lender, as the exhibits attached to the complaint take precedence over the contradictory allegations.  With respect to Wells Fargo and Option One, the complaint alleges a conspiracy to defraud.  To prevail on such a theory, Aurelio must plead fraud because there is no cause of action for civil conspiracy.  (*Moran v. Endres* (2006) 135 Cal.App.4th 952, 954-955.)

The complaint fails to allege a particular act by either Wells Fargo or Option One during the loan origination process.  The boilerplate allegations are conclusory and insufficient in light of the exhibits to the complaint, which include the loan documents negotiated on behalf of Bryco without any mention of Wells Fargo or Option One.[13]  The only inference from the pleadings and attached exhibits is that respondents were not involved in the negotiation and origination of the loan.

Our resolution of this issue also disposes of the fourth cause of action alleging a violation of Civil Code section 1572 (vitiation of contractual consent by actual fraud), and the fifth cause of action alleging common law fraud in connection with the loan origination.  The trial court did not err in sustaining the demurrers to these causes of action.

(b).    *Void Assignment of the Deed of Trust*

Aurelio asserts "the assignment to Wells Fargo is worthless because at the time of the assignment the assignor Option One had no interest left to assign to Wells Fargo." This argument is based upon incorrect dates, a problem throughout Aurelio's brief, and is contradicted by the exhibits to the complaint.  The original beneficiary under the deed of trust was Bryco.  Bryco assigned its beneficial interest to Option One.  Option One's successor in interest assigned its beneficial interest to Wells Fargo.

---

[13]    Power is not alleged to have been part of the conspiracy.

Even if the assignment to Wells Fargo is alleged to have been void, a borrower cannot attack the foreclosure without alleging how that assignment caused the borrower harm. (*Herrera v. Federal National Mortgage Assn., supra,* 205 Cal.App.4th at pp. 1507-1508.) Because an assignment of a note and deed of trust merely substitutes one creditor for another, without changing the borrower's obligations, the victim of a void assignment is not the borrower, but the assignor who suffers the unauthorized loss of a promissory note. (*Id.* at p. 1508.) Aurelio does not allege any facts that the assignment caused her harm.

### (c). *Defective Notice of Default*

Aurelio next attacks the notice of default contending it is "false because [O]ption [O]ne is no longer trustee and Respondent [W]ells Fargo used it to foreclose." It appears Aurelio contends that the substituted trustee, Power, had to record another notice of default before recording the notice of sale.[14] This contention is contrary to the nonjudicial foreclosure statutes.

Civil Code section 2934a, subdivision (c) provides: "If the substitution [of trustee] is effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries or their authorized agents shall cause a copy of the substitution to be mailed, prior to, or concurrently with, the recording thereof, in the manner provided in Section 2924b, to the trustee then of record and to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision."

Thus, if Option One or an authorized agent timely mailed a copy of the substitution of trustee in the manner provided in the statute, it fully complied with this statutory duty. The complaint does not allege any facts indicating noncompliance.

---

[14]     Aurelio also alleged the notice of default was defective. The failure to raise this argument on appeal constitutes a waiver. (*Badie v. Bank of America*, *supra*, 67 Cal.App.4th at pp. 784-785.)

(d).    *Violation of Former Civil Code Section 2923.5*

Aurelio contends Option One failed to fully and fairly explore alternatives to foreclosure as required under former Civil Code section 2923.5.  That statute became operative September 6, 2008, almost two years *after* the notice of default was recorded in this action.  (Stats. 2008, ch. 69, § 2.)  Even if the statute applied, after the sale, former Civil Code section 2923.5 provided no relief.  (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 214-215, 235.)

(e).    *Violation of Civil Code section 2932.5*

Without further elaboration, Aurelio alleged a violation of Civil Code section 2932.5, in which the assignee exercises the power of sale.  This code section does not apply to trust deeds; the trustee, not the assignee, has the power of sale, acting at the direction of the beneficiary.  (*Herrera v. Federal National Mortgage Assn.*, *supra*, 205 Cal.App.4th at p. 1509.)

In sum, none of Aurelio's theories of liability that the trustee's deed upon sale is void are tenable.  Accordingly, Aurelio has not alleged a cause of action for wrongful foreclosure, or to set aside the trustee's sale.  The court did not err in sustaining the demurrers to this cause of action.

b.  *Cancellation of Deed (Second Cause of Action)*

Civil Code section 3412 provides:  "A written instrument, in respect to which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."  For reasons explained *ante*,  Aurelio fails to state a claim under Civil Code section 3412.  The trial court did not err in sustaining the demurrers to this cause of action.[15]

---

[15]    We also agree with Wells Fargo and Power that Aurelio improperly amended the complaint to add this new cause of action because she failed to obtain leave of court. (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023.)

14

c. *Violation of Business and Professions Code Section 17200 (Third Cause of Action)*

Aurelio pleads conclusory allegations of unlawful business practices, which is clarified in her opening brief as a violation of Civil Code section 2923.5. An action is unlawful under Business and Professions Code section 17200 and independently actionable if it constitutes a violation of another law. (*Farmers Ins. Exchange v. Superior Court* (1992) 2 Cal.4th 377, 383.) As we have stated, Aurelio has not alleged a violation of former Civil Code section 2923.5.

This cause of action also fails because Aurelio has not alleged standing. Business and Professions Code section 17204 restricts private standing to bring a UCL action to "a person who has suffered injury in fact and has lost money or property *as a result of* the unfair competition." (Italics added.) Interpreting "as a result of," in *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 326-327, the California Supreme Court held the plain and ordinary meaning of this phrase requires a showing of a causal connection between the economic injury and the alleged unfair competition. There is no causation alleged here. Assuming, without deciding whether Civil Code section 2923.5 could serve as the predicate statute for an unfair competition cause of action, Aurelio does not allege that the failure to comply with the statute caused her economic injury.[16] The trial court did not err in sustaining the demurrers to this cause of action.

d. *Declaratory Relief (Sixth Cause of Action)*

Aurelio seeks a "determination of who is the owner of the note or the legal note holder." Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs. (*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 909.) The basis of declaratory relief is the existence of a present and actual controversy. (Code Civ. Proc., § 1060; *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79.) Here, there is no actual controversy relating to the legal rights of these parties. Even if Option

---

[16] To the extent this cause of action is based on fraud in connection with the loan origination, as explained *ante*, the complaint fails to allege fraud against Wells Fargo, Power, or Sand Canyon.

One lacked authority to assign its beneficial interest to Wells Fargo, as Aurelio maintains, the "true victim," is not Aurelio because the assignment replaces one creditor with another. (*Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at p. 272.) In any event, this cause of action also fails because it is derivative of the wrongful foreclosure cause of action. (*California Ins. Guarantee Assn. v. Superior Court* (1991) 231 Cal.App.3d 1617, 1623-1624 [declaratory relief statute provides a form of relief to the plaintiff, not a second cause of action for determination of issues that are the subject of another claim].) The trial court did not err in sustaining the demurrers to this cause of action.

### e. *Intentional Misrepresentation (Seventh Cause of Action) and Quiet Title (Eighth Cause of Action)*

Aurelio's opening brief does not address the court's ruling on the demurrers to the seventh and eighth causes of action for intentional misrepresentation and quiet title. Because she has not challenged these rulings on appeal with reasoned argument and citation to authority, she has waived any claim of error. (*Badie v. Bank of America*, *supra*, 67 Cal.App.4th at pp. 784-785.) "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

### 4. *Leave to Amend*

Aurelio stands on the allegations in the complaint and does not describe in her briefs how she would amend to cure the pleading defects. We therefore decline to grant leave to amend because she has not met her burden of showing there is a reasonable possibility that the deficiencies can be cured by amendment. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)

DISPOSITION

The trial court is directed to enter, nunc pro tunc, as of May 31, 2012, a judgment dismissing the action as to defendants Wells Fargo Bank, N.A. as trustee for Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2, and Power Default Services, Inc. That judgment of dismissal is affirmed. The judgment of dismissal as to defendant Sand Canyon Corporation is affirmed. Costs on appeal are awarded to respondents.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

CROSKEY, Acting P. J.

KITCHING, J.

17