Filed 12/14/23

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| MARCELINA BARRON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SANTA CLARA COUNTY VALLEY<br>TRANSPORTATION AUTHORITY<br>et al.,<br><br>    Defendants and Respondents. | H050277<br>(Santa Clara County<br>Super. Ct. No. 17CV305880) |


In 2017, plaintiff Marcelina Barron filed a civil suit for general negligence against defendants Santa Clara County Valley Transportation Authority and Bruce Arnold Gaillard (collectively Santa Clara VTA) concerning injuries Barron had sustained from a bus accident. After multiple continuances of the trial date, Santa Clara VTA filed a motion to dismiss the complaint on the basis that the case had not been brought to trial within the five-year statute of limitations provided in Code of Civil Procedure section 583.310.[1] The trial court subsequently granted the motion to dismiss.

Barron now appeals the dismissal on the ground that Emergency rule 10(a) (Cal. Rules of Court, appen. I, Emergency rule 10(a)), which was passed by the Judicial Council of California during the COVID-19 pandemic, extended the five-year period in section 583.310 by six months such that Barron did bring the case to trial within the prescribed statute of limitations.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

For the reasons set forth below, we reverse the judgment of dismissal, reinstate the action, and remand the case to the trial court for further proceedings.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

On July 4, 2016, Barron was a passenger in a bus owned and operated by Santa Clara VTA and driven by Gaillard.  Gaillard allegedly was driving the bus at an unsafe speed and struck another vehicle, resulting in Barron being injured.

### B.  Procedural Timeline

#### 1.  Complaint and Setting of Trial Dates

On January 31, 2017, Barron filed a civil complaint for general negligence against multiple defendants, including Santa Clara VTA.  On May 18, 2017, Barron amended her complaint to include Gaillard as the driver of the bus.  Santa Clara VTA and Gaillard filed answers to Barron's complaint on March 16, 2017, and August 22, 2017, respectively.

The matter was first set for trial on April 8, 2019.  Prior to expert discovery being conducted, Barron requested a continuance.  The matter was next set for trial on August 12, 2019, but was continued again at Barron's request to February 10, 2020.  The trial date was continued for a third time, again at Barron's request, to July 13, 2020, but was taken off calendar due to the COVID-19 pandemic.

A new trial setting conference was subsequently set for January 26, 2021, but was continued to May 25, 2021, as Barron had not yet had surgery for her injuries sustained from the accident.  Due to conflicting schedules of the experts expected to testify, a new trial date was set for May 9, 2022.  Although Barron and her counsel appeared on this date ready for trial, the trial court continued the May 9, 2022 trial date on its own motion due to lack of courtroom availability.

At a trial setting conference on June 21, 2022, the matter was set for trial on July 11, 2022.

### 2. *Motion to Dismiss*

On May 20, 2022, Santa Clara VTA filed a motion to dismiss the complaint pursuant to section 583.310. This motion was based on Santa Clara VTA's assertion that the five-year period from the date of filing ended on January 31, 2022, and the parties had not stipulated or otherwise agreed to extend the deadline beyond this date. Relying on the case of *Ables v. A. Ghazale Brothers, Inc.* (2022) 74 Cal.App.5th 823 (*Ables*), Santa Clara VTA claimed that the five-year statute of limitations period in section 583.310 was not extended by Emergency rule 10(a) because this was only an administrative rule, not a statute. While conceding that the Judicial Council of California had the power to pass emergency rules relating to the administration of courts, Santa Clara VTA argued that the Judicial Council did not have the power to "take over" the legislative function by tolling statutes of limitations in civil cases. Santa Clara VTA concluded that since there was no statutory basis for extending the five-year statutory deadline, Barron's complaint should be dismissed.

On May 27, 2022, Barron filed her opposition to the motion to dismiss. Barron argued that Santa Clara VTA misinterpreted the holding in *Ables* as invalidating Emergency rule 10(a); instead, *Ables* only ruled that Emergency rule 10(a) did not provide for an *additional* six-month extension of time as provided in section 583.350[2] because it was an administrative rule, not a statute. Barron also noted that unlike the instant matter, the trial date in *Ables* was set for five years and seven months after the complaint had been filed and therefore did not fall within the time limit provided by Emergency rule 10(a). By referencing the five-year and six-month period under

---

[2] Section 583.350 provides that "[i]f the time within which an action must be brought to trial is 'tolled or otherwise extended pursuant to statute,' the action 'shall not be dismissed … if the action is brought to trial within six months after the end of the period of tolling or extension.' "

Emergency rule 10(a) in a footnote, the *Ables* court, according to Barron, did not criticize the validity of the rule.

Barron additionally claimed that even if Emergency rule 10(a) was procedurally invalid, she was still entitled to an extension of time under section 583.340[3] because the COVID-19 pandemic and its subsequent impact on court services made it impossible for her to bring the matter to trial within five years. Finally, Barron argued that it would "offend public policy" to punish her for not bringing the matter to trial within five years when there was significant periods of time when it was impossible to do so.

### 3. Trial Court Decision

On June 7, 2022, the trial court heard argument from the parties on the motion and took the matter under submission. During the hearing, the trial court indicated that it was "hard to be sympathetic" when Barron had previously continued the trial date four times and the trial setting conference twice. The trial court also noted that there was "a long list" of cases indicating that local rules and state rules of court could not contravene statutes enacted by the legislature. Further, the trial court opined that nothing had occurred during the five-year period that would justify tolling the time under section 583.340 to bring the action for trial.

The trial court issued an order on June 24, 2022, granting the motion to dismiss. In its ruling, the trial court agreed with Santa Clara VTA that pursuant to *Ables*, Emergency rule 10(a) did not toll the five-year statute of limitations under section 583.350. While the trial court did not explicitly state in its order that Emergency rule 10(a) was invalid, the trial court disagreed with Barron's argument that the footnote in *Ables* demonstrated that Emergency rule 10(a) validly tolled the statutory deadline in

---

[3] Section 583.340 provides that the computation of time in which a matter must be brought to trial shall exclude the time "during which any of the following conditions existed: [¶] (a) [t]he jurisdiction of the court to try the action was suspended[;] [¶] (b) [p]rosecution or trial of the action was stayed or enjoined[; or] [¶] (c) [b]ringing the action to trial, for any other reason, was impossible, impracticable, or futile."

4

section 583.310 by six months.  The trial court further noted that the exceptions under section 583.340 only applied if Barron demonstrated she had exercised reasonable diligence in prosecuting the case, and found that Barron had not met this burden.  The court additionally indicated that while not raised by Barron, the doctrine of equitable estoppel[4] did not apply to preclude the granting of the motion to dismiss.

### 4.  Motion for Reconsideration

Prior to filing her notice of appeal, Barron filed a motion for reconsideration on July 1, 2022.[5]  Barron argued that the dismissal was issued in error because (1) trial could still be held within the five-year and six-month time period contemplated under section 583.310 and Emergency rule 10(a); and (2) Emergency rule 10(a) had not been invalidated by the *Ables* decision.

In opposition, Santa Clara VTA claimed that Barron had not cited any new facts, circumstances or law as required for reconsideration under section 1008, and simply "rehash[ed]" her arguments from her previous opposition.  Santa Clara VTA also requested that the trial court amend its prior order to fix a number of errors and submitted a proposed amended order with its opposition.  While many of the errors were typographical, the primary ones cited were: (1) the age of the case as over five years old, not six; (2) the pronoun "her" instead of "his" when referring to Barron; (3) the number for the applicable emergency rule as 10, instead of 5; and (4) the correct trial date to be vacated as July 11, 2022, not July 5, 2023.

---

[4] This doctrine is based upon " ' "[t]he vital principle … that [a person] who by his [or her] language or conduct leads another to do what he [or she] would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he [or she] acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both." ' [Citation.]" (*City of Long Beach v. Mansell* (1970) 3 Cal.3d 462, 488.)

[5] Although not cited by Barron in her motion, it appears this motion was filed pursuant to section 1008, subdivision (a).

On September 6, 2022, the trial court issued the amended order as requested by Santa Clara VTA.

On September 15, 2022, the trial court held a hearing on Barron's motion for reconsideration. The trial court concluded that because Barron had already filed a notice of appeal for the dismissal on August 4, 2022, the matter had been removed from the trial court such that it did not have jurisdiction to hear the motion.[6]

## II. DISCUSSION

Barron claims that her complaint should not have been dismissed because it was brought to trial within the time limit provided under section 583.310 and Emergency rule 10(a). Barron further argues that the trial court's ruling, which essentially found Emergency rule 10(a) to be unlawful and invalid, should be reversed based on public policy.

Santa Clara VTA claims that the appeal is untimely and that the five-year statute of limitations in section 583.310 could not lawfully be amended by Emergency rule 10(a).

### A. Timing of Appeal

As a threshold matter, Santa Clara VTA claims that Barron's appeal is premature because her notice of appeal was filed prior to the filing of the amended order. Santa Clara VTA argues that because the amended order contained substantial modifications, it superseded the original order and became the final judgment.

We disagree. In the instant matter, the dismissal of the case for lack of prosecution on June 24, 2022, constituted a final judgment for purposes of an appeal. (§ 904.1, subd. (a)(1); see also *San Francisco Lathing, Inc. v. Superior Court of San*

---

[6] Barron does not appeal the trial court's ruling on the motion for reconsideration.

*Francisco* (1969) 271 Cal.App.2d 78, 82 ["an order of dismissal for lack of prosecution is a final judgment from which an appeal lies"].)

Further, even assuming that Barron's appeal was premature based on the subsequent filing of the amended order on September 6, 2022, we have the authority to treat a notice of appeal as though it has been timely filed. (Cal. Rules of Court, rule 8.104(d)(2) ["The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment"]; see also *In Re Marriage of Grimes and Mou* (2020) 45 Cal.App.5th 406, 420 (*Grimes*). ) Additionally, "there is a well recognized policy in favor of resolving appeals on their merits [citations] and, generally, little by way of 'good cause' has been required in the decisions applying [former] rule 2(c)[7] [of the California Rules of Court]." (*American Motorists Ins. Co. v. Cowan* (1982) 127 Cal.App.3d 875, 882.) In the present case, Barron had the right to appeal from the court's amended order issued on September 6, 2022. As discussed above, the modifications made in the amended order were primarily typographical and did not substantially modify the ruling in the order, namely, the dismissal of the complaint for lack of timely prosecution. Lastly, Santa Clara VTA does not argue that any prejudice will result to them from Barron's alleged premature appeal. (See *Grimes, supra,* 45 Cal.App.5th at p. 420.) Accordingly, we will exercise our discretion to deem Barron's appeal of the trial court's dismissal of her complaint as having been taken from the amended order filed on September 6, 2022. (See *ibid*.)

## B. *Applicable Law and Standard of Review*

Section 583.310 requires an action to "be brought to trial within five years after the action is commenced against the defendant." If an action is not brought to trial within this time, the trial court must dismiss the action either on its own motion or on motion of

---

[7] This is now California Rules of Court, rule 8.104.

the defendant.  (§ 583.360, subd. (a).)  Dismissal is mandatory and not subject to "extension, excuse, or exception except as expressly provided by statute."  (§ 583.360, subd. (b).)

On March 4, 2020, Governor Gavin Newsom declared a state of emergency as a result of the spread of the COVID-19 virus.  (*In re M.P.* (2020) 52 Cal.App.5th 1013, 1016 (*In re M.P.*).)  On March 19, 2020, Governor Newsom issued an executive order directing all Californians not providing essential services to stay at home.  (*Ibid.*)  This order did not close the courts, which were considered an essential service.  (*Ibid.*)

On March 23, 2020, former Chief Justice Tani G. Cantil-Sakauye issued a statewide order, pursuant to her authority under the California Constitution, article VI, section 6, and Government Code section 68115, authorizing superior courts to adopt proposed rules or rule amendments to address the impact of the COVID-19 pandemic to take effect immediately, without advance circulation for 45 days of public comment. (*Ibid.*)

On March 27, 2020, Governor Newsom issued an executive order acknowledging that ' "the Judicial Branch retains extensive authority, statutory and otherwise, to manage its own operations as it deems appropriate to mitigate the impacts of COVID-19 … .' (Exec. Order No. N-38-20.)  'The order suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt.' " (*In re M.P., supra,* 52 Cal.App.5th at pp. 1016-1017.)

Acting on this authority, the Judicial Council issued 11 emergency rules on April 6, 2020.  (*E.P. v. Superior Court* (2020) 59 Cal.App.5th 52, 55 (*E.P.*).)  This included Emergency rule 10(a), which provides the following: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for

8

a total time of five years and six months." (Cal. Rules of Court, appen. I, Emergency rule 10(a).) The rule remained in effect until June 30, 2022. (Cal. Rules of Court, appen. I, Emergency rule 10(c).)

Turning to the standard of review, the parties dispute the applicable standard of review for this case. Barron contends that because the issue is a legal one involving undisputed facts and interpretation of statutes and Emergency rule 10(a), a de novo review is appropriate. In contrast, Santa Clara VTA argues that appellate review of an order ruling on a motion to dismiss is for abuse of discretion.

A trial court's dismissal of an action for failure to prosecute under section 583.310 is generally reviewed for abuse of discretion. (See *Coe v. City of Los Angeles* (1994) 24 Cal.App.4th 88, 92.) However, proper interpretation of statutes and court rules are issues of law, and in such instances we review the trial court's decision de novo. (See *Kim v. Superior Court* (2006) 136 Cal.App.4th 937, 940 [statutory construction]; *In re Daniel M.* (1996) 47 Cal.App.4th 1151, 1154 [interpreting rules of court].)

The issue at hand is a purely legal one, as the primary basis for the trial court's order was its interpretation of section 583.310 and Emergency rule 10(a), not its ruling on any disputed facts.[8] Consequently, we agree with Barron that our review is de novo.

### C. The Trial Court Erred in Dismissing the Case

As discussed above, Emergency rule 10(a) applied to any actions filed on or before April 6, 2020, and remained in effect until June 30, 2022. (Cal. Rules of Court,

---

[8] It is undisputed that the action was filed on January 31, 2017. Accordingly, under section 583.310 and without the six-month extension provided by Emergency rule 10(a), the five-year period ended on January 31, 2022. However, under section 583.310 and with the six-month extension provided in Emergency rule 10(a), the five-year and six-month period ended on July 31, 2022. Both the May 9, 2022, trial date (which was vacated due to lack of courtroom availability) and the subsequent July 11, 2022, trial date (which was vacated after the court granted the motion to dismiss) *would be* within the statutory time period argued by Barron but *would not be* within the statutory time period argued by Santa Clara VTA.

appen. I, Emergency rule 10(a)-(c).)  As Barron's complaint was filed prior to April 6, 2020, her complaint falls within the purview of Emergency rule 10(a).  Accordingly, we analyze whether Emergency rule 10(a) validly extended the time in which Barron could bring her case to trial.  We conclude that it did.

" ' "When interpreting statutory provisions enacted by voter initiative or legislative action, our primary purpose is to ascertain and effectuate the intent of the enactors.  [Citation.]  To determine this intent, we consider the plain, commonsense meaning of the language used, and construe the language in the context of the overall enactment.  [Citations.]  When multiple statutory schemes are relevant, we evaluate each scheme and seek to harmonize them to carry out their evinced intent.' "  [Citation.]  We…apply these same principles in interpreting the [COVID-19] emergency rules."  (*E.P., supra,* 59 Cal.App.5th at p. 60.)

Government Code section 68115, subdivision (a) provides the Judicial Council with special authority during an event that poses a substantial risk to the health and welfare of court personnel and the public or a condition that results in the United States President or the Governor declaring a state of emergency.  This includes the express authority to extend the time under section 583.310 to bring an action to trial.  (Gov. Code, § 68115, subd. (a)(6).)  As discussed above, Emergency rule 10(a) was one of 11 rules enacted as a direct result of Governor Newsom's declaration of a state of emergency during the COVID-19 pandemic.  Therefore, the Judicial Council had full authority under Government Code section 68115 to pass Emergency rule 10(a) and extend the time in which matters could be brought to trial under section 583.310.  Accordingly, at the time of the hearing on Santa Clara VTA's motion to dismiss, Barron still had until July 31, 2022, or five years and six months from the time of filing her complaint, to bring her matter to trial.

In the trial court and on appeal, Santa Clara VTA argues that the *Ables* holding effectively invalidated Emergency rule 10(a) by finding that Judicial Council rules were

not statutes and therefore could not amend existing statutory deadlines. We find *Ables* legally and factually inapposite.

In *Ables,* the plaintiff filed a complaint for negligence in July 2015. (*Ables, supra,* 74 Cal.App.5th at p. 826.) After conducting discovery for a number of years, the plaintiff filed a request in November 2019 for the trial date to be continued. (*Ibid.*) The court subsequently continued the trial date to March 2021, which was over five years and seven months from when the plaintiff first filed her complaint. (*Ibid.*) After the defendants filed motions to dismiss for failure to prosecute within five years, the plaintiff argued that Emergency rule 10(a) entitled her to an additional six months under section 583.350 in which to bring the matter to trial, thus giving her a total time of six years to bring the case to trial after filing. (*Ibid.*) The trial court rejected this argument, stating that while Emergency rule 10(a) extended the time in which the action could be brought to trial by six months under section 583.310, it did not constitute a statute entitling the plaintiff to an *additional* six-month extension under section 583.350. (*Id.* at p. 828, italics added.) As the plaintiff's case was not brought to trial within the five-year and six-month period, the court granted the motions to dismiss. (*Id.* at p. 826.)

In affirming the trial court's decision, the appellate court agreed that Emergency rule 10(a) was not a statute and therefore did not trigger the extra six-month period provided under section 583.350. (*Id.* at p. 828.) However, at no time did the court state that Emergency rule 10(a) was invalid, which Santa Clara VTA concedes. The court simply noted that the rule did not toll the five-year period in section 583.310 but instead extended the time in which to bring an action to trial. (*Id.* at p. 828, fn. 5.) In fact, the court acknowledged the validity of Emergency rule 10(a) in the opinion by noting twice that the plaintiff had until January 2021, or a total time of five years and six months, to bring the matter to trial. (*Id.* at p. 828; see also fn. 5; see also *State ex rel. Sills v. Gharib-Danesh* (2023) 88 Cal. App. 5th 824, 840 [citing *Ables* for the proposition that Emergency rule 10(a) extended the five-year rule to five years and six months for any

11

cases filed on or before April 6, 2020].) Accordingly, given that *Ables* dealt with a different statute and did not make any determination on the validity of Emergency rule 10(a), it is inapplicable to the case at bar.

The five-year and six-month statute of limitations period under section 583.310 and Emergency rule 10(a) had not expired at the time the trial court granted the motion to dismiss. Therefore, the trial court erred in prematurely dismissing Barron's complaint.[9]

### III. DISPOSITION

The trial court's order dismissing Barron's complaint is reversed. The action is ordered reinstated and remanded for further proceedings. Barron is awarded her costs on appeal.

---

[9] As we find that the trial court erred in prematurely dismissing the case, we need not address Barron's argument that public policy mandates reversal of the court's decision.

12

_____
                          Wilson, J.

WE CONCUR:

_____
      Grover, Acting P. J.

_____
      Danner, J.

Barron v. Santa Clara County Valley Transportation Authority et al.
H050277

Trial Court:                                    Santa Clara County
                                                Superior Court No.:  17CV305880


Trial Judge:                                    The Honorable Socrates Peter
                                                Manoukian


Attorneys for Plaintiff and Appellant          Diane Lanell Balma
Marcelina Barron:
                                                Adriana L. Artunduaga Mendez
                                                Christopher Owen Holleran
                                                Glen Stephen Guenard
                                                Anthony C. Wallen
                                                Carmenella Athena Roussos


Attorneys for Defendant and Respondent         Shannon Smyth-Mendoza
Santa Clara County Valley                       Richard Douglas North
Transportation Authority et al.:


Barron v. Santa Clara County Valley Transportation Authority et al.
H050277